IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-94-0103-08 |
| | § | |
| LYNN EDWARD REECE | § | (Civil No. H-06-0132) |

**MEMORANDUM AND ORDER**

Defendant Lynn Edward Reece has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Criminal Docket No. 688). The government has filed a motion to dismiss for lack of jurisdiction. (Criminal Docket No. 691). Reece has replied with a "Motion in Opposition." (Criminal Docket No. 692). The court has carefully reviewed the record. Based on this review and the applicable law, this court grants the government's motion to dismiss. The reasons are set forth below.

**I.    Background**

In 1995, a jury found Reece guilty of: (1) conspiracy to possess heroin and marijuana with intent to distribute; (2) possession of heroin with intent to distribute; (3) possession of a firearm by a previously convicted felon; and (4) use of a firearm during a drug-trafficking crime. The court sentenced Reece to a 353-month prison term. (Criminal Docket No. 534).

The Fifth Circuit summarily affirmed Reece's conviction and the Supreme Court denied his petition for a writ of *certiorari*. *See United States v. Madrigal, et al.*, 127 F.3d 34 (5th Cir. 1997) (unpublished table op.), *cert. denied sub nom. Reece v. United States*, 522

U.S. 1152 (1998). After his conviction was affirmed on direct appeal, Reece filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising twenty-seven grounds for relief. *See United States v. Reece,* No. H-99-0331 (S.D. Tex.). This court denied that motion on the merits. (Criminal Docket No. 667). The Fifth Circuit denied a certificate of appealability in an unpublished opinion, and the Supreme Court denied Reece's petition for a writ of *certiorari. See Reece v. United States*, 531 U.S. 1056 (2000).

Reece has now filed a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Criminal Docket No. 688). In this motion, Reece complains that his sentence is unconstitutional because it was determined under the then-mandatory United States Sentencing Guidelines scheme. Reece contends that he is entitled to relief because he was denied his Sixth Amendment right to jury findings based on proof beyond a reasonable doubt with respect to his sentence. Reece seeks relief under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), which struck down the mandatory component of the Sentencing Guidelines. The government has filed a motion to dismiss for lack of jurisdiction.

## II.  Discussion

The government argues that this court lacks jurisdiction because Reece has filed an unauthorized second or successive motion. A second or successive motion under 28 U.S.C. § 2255 cannot proceed unless the appropriate court of appeals certifies it under 28 U.S.C. § 2244. The appellate court is to examine whether there is

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[1]

A motion filed under § 2255 qualifies as "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Reece's claims under the Sixth Amendment could have been raised previously. Reece raised a *Booker* challenge on direct appeal. (Criminal Docket No. 692, at 2). The § 2255 motion is a second or successive motion.

This court cannot consider a second or successive motion until after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Reece did not obtain the

---

[1] To the extent that Reece seeks relief under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), his claims is barred. The Fifth Circuit has held that *Booker* is not retroactive on collateral review for defendants whose convictions were final before that decision issued on January 12, 2005. *See United States v. Gentry*, 432 F.3d 600, 605-06 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005).

necessary authorization from the Fifth Circuit before filing this successive motion. Absent this authorization, this court is without jurisdiction to consider Reece's claims. *See Key*, 205 F.3d at 774.

Reece maintains that he is entitled to relief under two different theories. (Criminal Docket No. 692, at 2). First, Reece argues that the Fifth Circuit incorrectly rejected the *Booker* challenge Reece raised on his direct appeal. Reece argues that because the Supreme Court's decision in *Booker* shows that the original judgment in his direct appeal was wrong, he is entitled to relief under the rule that governs the recall of mandates. Reece relies on *United States v. Skandier*, 125 F.3d 178, 183 (3rd Cir. 1997), in which the Third Circuit Court of Appeals elected to recall its own mandate "where a subsequent Supreme Court decision has shown that the original judgment was wrong." A request to recall the mandate under this rule requires a motion filed with the appropriate circuit court. *See, e.g., United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997) ("Under Rule 41.2 of the Fifth Circuit Rules, we may recall our mandate if necessary in order to prevent injustice."). Reece does not show that this district court has authority to recall a mandate issued by the Fifth Circuit or that this relief may be sought in a proceeding under 28 U.S.C. § 2255.

Second, Reece argues that, in light of *Booker*, he is entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Reece argues that *Booker* represents a change in the substantive law that justifies relief from the judgment under Rule 60(b)(6).

Rule 60(b) does not apply in criminal cases. The Fifth Circuit has held that courts may treat a Rule 60(b) motion as a motion to vacate governed by 28 U.S.C. § 2255 when

4

"the motion actually attacks the validity of [the movant's] conviction." *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). The Supreme Court has reached a similar conclusion in the context of a federal habeas corpus proceeding governed by 28 U.S.C. § 2254. *See Gonzalez v. Grosby*, 545 U.S. 524, 125 S. Ct. 2641, 2646 (2005) (holding that, in the § 2254 context, Rule 60(b) remains viable only to the extent that it is not "inconsistent with" the governing statutory restrictions on federal habeas corpus relief, including the limitations on successive applications). Reece's Rule 60(b) motion must be considered a second or successive application for relief governed by the federal habeas corpus statutes. *See Gonzalez*, 125 S. Ct. at 2647. Because the pending motion plainly challenges the validity of his sentence, Reece is not entitled to relief under Rule 60(b).

### III.   Conclusion and Order

The government's motion to dismiss for lack of jurisdiction, (Criminal Docket No. 691), is granted, and the defendant's Motion in Opposition, (Criminal Docket No. 692), is denied. The defendant's pending § 2255 motion, (Criminal Docket No. 688), and the corresponding civil action (H-06-0132) are dismissed without prejudice for lack of jurisdiction. To the extent that one is required, a certificate of appealability is denied.

SIGNED on November 20, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge