**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

v.                                                          Cr. No. H-94-103-8

**LYNN EDWARD REECE**

## Memorandum Opinion and Order

On April 2, 1996, this Court entered its Judgment sentencing Mr. Reece to concurrent 293 months of imprisonment on three counts of conviction and a consecutive five-year term of imprisonment on one count for a total of 353 months. Judgment (D.E. 534). In addition to the term of imprisonment, the Court imposed a five-year term of supervised release for Count 1; a three-year term of supervised release for Counts 9 and 10; and a four-year term of supervised release for Count 12, all to run concurrently; plus a $10,000 fine. *Id.* In 2015, Mr. Reece's term of incarceration was reduced to 295 months based on a retroactive amendment to the United States Sentencing Guidelines. Order Reducing Sentence (D.E. 704).

Mr. Reece now petitions this Court to modify the term of imprisonment to a period of time served. For the reasons explained below, and in accordance with 18 U.S.C. § 3582(c)(1)(A)(i), the Court will grant the motion and modify the term of imprisonment to a period of time served and release Mr. Reece from the custody of

the Bureau of Prisons to begin his terms of supervised release.

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow district courts to modify sentences of imprisonment upon motion by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Reece's petition meets this requirement. The Court therefore has the authority to address the motion of the defendant.

Section 3582(c)(1)(A)(i) authorizes the modification of a sentence of imprisonment if "extraordinary and compelling reasons warrant such reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," as set out in United States Sentencing Guideline § 1B1.13. Mr. Reece's Application for Reduction in Sentence (D.E. 738), his Brief in Support (D.E. 743) and the documents attached thereto, and his Supplemental Brief in Support (D.E. 744) establish extraordinary and compelling reasons as defined by U.S.S.G. § 1B1.13, comment. (n.1).

Mr. Reece meets the age-related definition of extraordinary and compelling circumstances in U.S.S.G. § 1B1.13, comment (n. 1(B)). He is 71 years old, he is experiencing serious deterioration in physical health because of the aging process

(chronic viral hepatitis C, an enlarged prostate, and stage III chronic kidney disease), and he has served both 10 years and more than 75 percent of his term of imprisonment.

Mr. Reece also meets the requirements of U.S.S.G. § 1B1.13, comment. (n.1(D)), which permits a reduction when "there exists in defendant's case an extraordinary and compelling reason other than, or in combination with," the remainder of the Guideline definition. Such a combination of factors is present in this case. First, the Court notes the age-related factors previously discussed. The Court also recognizes the extraordinary degree of rehabilitation Mr. Reece has accomplished during his term of incarceration. That rehabilitation includes, among other achievements, Mr. Reece's completion of over 5,000 hours of coursework to complete a four-year apprenticeship with the Department of Labor to become a certified Quality Control Technician. Mr. Reece paid off the entirety of the $10,000 fine through wages earned in this program. The combination of all of these factors establishes extraordinary and compelling reasons justifying a reduction in sentence in this case.

Mr. Reece does not present a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Although he was convicted of serious offenses, the evidence of rehabilitation during

3

the intervening period; the extensive and close ties that Mr. Reece maintains with friends in the Dallas-Fort Worth area (in addition to his reentry plan to reside with those friends); and the limitations that age and health now place on Mr. Reece's physical abilities, all convince this Court that Mr. Reece presents no danger upon release.

Finally, the Court has considered the factors set out in 18 U.S.C. § 3553(a). The Court concludes that, in light of the changed circumstances explained above, a sentence of time served reflects the seriousness of the offense, promotes respect for the law and provides just punishment. 18 U.S.C. § 3553(a)(2)(A). This sentence will also avoid unwarranted disparities among defendants with similar records convicted of similar conduct in this same case because Mr. Reece is the only defendant in this case who remains incarcerated. 18 U.S.C. § 3553(a)(6). Consistent with the Court's conclusion that Mr. Reece does not represent a danger to any person or the community, the Court concludes that this sentence has served and continues to serve as adequate deterrence and to protect the public from further crimes of this defendant, which, given Mr. Reece's age and rehabilitation, this Court expects will not occur. 18 U.S.C. § 3553(a)(2)(B), (C).

Accordingly, Mr. Reece's petition to modify the terms of imprisonment to a period of time served. (D.E. 738) is **GRANTED** and the Court **MODIFIES** the term

of imprisonment to a period of **TIME SERVED**, with all other terms of sentence as originally imposed to remain unchanged.

Signed on _____March 27_____, 2020, at Houston, Texas.

_____
Lee Rosenthal
United States District Judge